COURT OF APPEALS
DECISION
DATED AND FILED

August 27, 2019

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP669**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CV4572

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN EX REL. RONALD L. COLLISON,

PETITIONER-APPELLANT,

V.

CITY OF MILWAUKEE BOARD OF REVIEW,

RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: GLENN H. YAMAHIRO, Judge.  *Affirmed*.

Before Brash, P.J., Kessler and Brennan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Ronald L. Collison, *pro se*, appeals the circuit court's order affirming the Board of Review's decision.  The Board upheld the

City of Milwaukee's $31,800 tax valuation of his property for 2016. This appeal is nearly identical in law and fact to Collison's prior appeal of his 2012 property tax assessment. *See* **State ex rel. Collison v. City of Milwaukee**, No. 2013AP2130, unpublished slip op. (WI App Sept. 9, 2014). Collison argues that the assessment of his property was improper because his property's fair market value is zero dollars. He also argues that both the City of Milwaukee Environmental Contamination Standards (CMECS) and the Wisconsin Property Assessment Manual conflict with WIS. STAT. § 70.32 (2017-18).[1] We affirm.

¶2      On appeal, we review the decision of the Board, not the circuit court. *See* **State ex rel. Stupar River LLC v. Town of Linwood**, 2011 WI 82, ¶16, 336 Wis. 2d 562, 800 N.W.2d 468. Our review is limited in scope to determining: (1) whether the Board acted within its jurisdiction; (2) whether the Board acted according to law; (3) whether the Board's action was arbitrary, oppressive or unreasonable; and (4) whether the evidence was sufficient to allow the Board to reasonably make its decision. *See id.* "There is a presumption that the assessor's valuation is correct." **Steenberg v. Town of Oakfield**, 167 Wis. 2d 566, 571, 482 N.W.2d 326 (1992) (citation omitted). "The burden of producing evidence to overcome this presumption is upon the person who seeks to attack the assessment." *Id.* (citation omitted).

¶3      Collison first argues that the Board's assessment of his property was improper because no one wants to buy his property due to the fact that it contains environmental pollution, the extent of which is unknown. He contends that the

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

market value of his property is therefore zero dollars. Collison's argument is unavailing.

¶4 WISCONSIN STAT. § 70.32(1) provides: "Real property shall be valued by the assessor in the manner specified in the Wisconsin [P]roperty [A]ssessment [M]anual provided under s. 73.03(2a) from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale." The Wisconsin Property Assessment Manual explains that "market value can be derived by using the cost, income, or sales comparison approaches." *See Allright Props., Inc. v. City of Milwaukee*, 2009 WI App 46, ¶19, 317 Wis. 2d 228, 767 N.W.2d 567 (citation omitted). "[R]eal estate must be valued at its highest and best use." *Id.*, ¶18.

¶5 City of Milwaukee assessor Jim Wiegand used an income approach to determine the fair market value of Collison's property because there were no recent sales of the property or similar properties. Wiegand testified that the income approach best reflected the value of the property because the property had previously been used as a parking lot and thus had, or could have, rental income. Wiegand testified that the assessor's office was aware that the site had environmental contamination, but explained that he had no information about the extent of the problem or the possible cleanup costs, and therefore could not conclude that the property was worthless as Collison claimed. Wiegand further explained that, whether the property was contaminated or not, it could generate income as a parking lot and that the income approach was thus chosen because it represented the best use of the property. *See id.* (real estate should be valued at its highest and best use).

3

¶6      The assessor's valuation is presumed to be correct. *See* WIS. STAT. § 70.47(8)(i). "The party challenging a property assessment must show why its method of valuation is more reliable or accurate than the assessor's chosen method." *See **ABKA Ltd. P'ship v. Board of Review***, 231 Wis. 2d 328, 348, 603 N.W.2d 217 (1999). Collison has not shown why his unsubstantiated claim that the property has a market value of zero dollars is more accurate than Wiegand's decision to use an income approach to determine market value based on the best use of the property as a parking lot. Collison's contention that he was previously unable to sell the property does not establish that the property is worthless, especially given its location in a prime downtown Milwaukee area that has been increasing in value. There could be a variety of reasons that the property did not previously sell.[2]  Collison provided no evidence about the extent of the environmental contamination and cost to clean it up to support his assertion that the property has a market value of zero. Therefore, Collison has not overcome the presumption that the assessor's evaluation was correct.

¶7      Collison next argues that the CMECS impermissibly allows the City to ignore WIS. STAT. § 70.32 unless the land owner obtains a Phase II environmental assessment. We agree with the circuit court's analysis rejecting this argument:

> [Collison] challenges the legality of a provision of the CMECS, which states that without at least a Phase II Audit substantiating property contamination, the property must be

---

[2] For example, Collison previously informed the Board that he gives all potential buyers a document explaining that "[a]ny party who chooses to conduct a Phase II [environmental] sampling on the property must enter into an indemnification agreement with [him] to pay, without qualification, for any remediation costs that result from the discovery of any contamination on the subject property." *See **State ex rel. Collison v. City of Milwaukee***, 2013AP2130, unpublished slip op. at ¶5 (WI App Sept. 9, 2014).

> valued as if uncontaminated. [Collison] contends that this provision is contrary to the requirement of [WIS. STAT.] § 70.32(1m) that "the assessor shall consider the impairment of value of the property … because of environmental pollution…." Although [Collison's] arguments regarding the CMECS are intriguing and may be ripe for determination at some future date, his arguments fail because the assessor and the Board recognized the contamination even though [Collison] has not completed or sought a Phase II [A]udit.

Because the assessor did not ignore the contamination of the property in valuing it, and the Board did not ignore the contamination in upholding that valuation, we reject Collison's argument.

¶8     Finally, Collison argues that the Wisconsin Property Assessment Manual conflicts with WIS. STAT. § 70.32(1m) because it allows properties to be valued using an income approach, which Collison contends does not reflect the amount his property would sell for on the open market, the measure Collison believes is correct under § 70.32(1m). Although the specific contours of this argument are difficult to discern, Collison is essentially restating his prior argument that his property assessment was incorrect because the assessor did not adequately consider the environmental contamination of his property in his valuation. As we previously explained, the assessor *did* consider the possible contamination and therefore used an income approach. This decision was reasonable because, as the assessor testified, he did not have any information about the extent of the possible environment problem or the potential costs to remedy the problem. Therefore, Collison's challenge to the valuation is unavailing.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.